UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | | |
|---|---|---|
| ALEX LEMA-GUARTAZACA, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | No. 2:26-cv-00660-MPB-MG |
| | ) | |
| TODD BLANCHE,<br>MARKWAYNE MULLIN,<br>TODD LYONS,<br>WARDEN, Clay County Justice Center,[1] | ) | |
| | ) | |
| Respondents. | ) | |

**Order to Show Cause**

The Court, having considered the above action and the matters which are pending, makes the following rulings:

1. To promote efficient briefing of this action, Petitioner is encouraged to provide a courtesy copy of the petition and any exhibits, along with a copy of this Order to the following:

Gina Shields, Assistant U.S. Attorney (Gina.Shields@usdoj.gov)
Liberty L. Roberts, Church Church Hittle & Antrim, (lroberts@cchalaw.com)

These individuals **may** be willing to waive formal service under Rule 4 of the Federal Rules of Civil Procedure on behalf of their client.

2. If counsel noted in step 1 does not agree to waive service, Petitioner is directed to serve a copy of the petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 on Respondents consistent with Rule 4. Along with the petition and any exhibits, service must also include a copy of this Order.

[1] Though Petitioner indicates that he was detained in the Clay County Justice Center when he filed his petition, dkt. 1 at 4, 14, the Court notes that he appears to now be detained in the Greene County Jail in Missouri, *see* U.S. Immigration and Customs Enforcement, "Online Detainee Locator System," https://locator.ice.gov/odls/#/search (last searched October 5, 2026).

3. Respondents will have **seven days** from the date service is made or waived, to answer the allegations of the habeas petition and **show cause** why the relief sought by Petitioner should not be granted. Petitioner will have **four days after service of the answer** to reply.

4. Petitioner will have **two days** to file a supplement addressing whether he has moved the immigration court for a bond hearing since *Cirrus Rojas v. Olson*, 183 F.4th 909 (7th Cir. 2026), was issued by the Seventh Circuit Court of Appeals.

5. The petition's allegations indicate that Petitioner's detention is governed by 8 U.S.C. § 1226(a) and that he is entitled to, at minimum, an administrative bond hearing pursuant to *Cirrus Rojas v. Olson*, 183 F.4th 909 (7th Cir. 2026). If Respondents maintain that Petitioner is subject to mandatory detention without possibility of bond, they must explain in their return why *Cirrus Rojas* does not require respondents to provide Petitioner with an administrative bond hearing.

6. Respondents shall not transfer Petitioner outside the jurisdiction of the United States during the pendency of this habeas petition without further order of Court following a proper motion by Respondents. *A.A.R.P. v. Trump*, 145 S. Ct. 1364, 1369 (2025); *United States v. United Mine Workers of Am.*, 330 U.S. 258, 293 (1947).

**IT IS SO ORDERED.**

Date: 10/06/2026

Matthew P. Brookman, Judge
United States District Court
Southern District of Indiana

Distribution:

All Electronically Registered Counsel