UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | | |
|---|---|---|
| ALEX LEMA-GUARTAZACA,<br><br>Petitioner,<br><br>v.<br><br>TODD BLANCHE,<br>MARKWAYNE MULLIN,<br>TODD LYONS,<br>WARDEN,<br><br>Respondents. | ) | No. 2:26-cv-00660-MPB-MG |

**ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS**

Alex Lema-Guartazaca is a noncitizen who was arrested by U.S. Immigration and Customs Enforcement ("ICE") officials on September 30, 2026, and he filed this petition on October 2 while he was detained at the Clay County Jail in Brazil, Indiana. Dkt. 1. On October 3, he was transferred to the Greene County Jail in Springfield, Missouri, and then to the Kay County Justice Facility in Newkirk, Oklahoma. Dkt. 6 at 2–3.

Among other claims, Mr. Lema-Guartazaca alleges that his detention is unlawful because he has been denied the opportunity for a bond hearing under 8 U.S.C. § 1226(a). Mr. Lema-Guartazaca now petitions the Court for a writ of habeas corpus under 28 U.S.C. § 2241, seeking release from custody or a bond hearing at which the government bears the burden of proof. Dkt. 1 at 8.

For the reasons explained below, the Court **grants** the petition to the extent that Respondents are ordered to either afford Mr. Lema-Guartazaca an individualized bond hearing or release him from custody, under reasonable conditions of supervision.

## I. Background

Mr. Lema-Guartazaca is an Ecuadoran citizen who entered the United States without inspection in 2016. Dkt. 1 ¶ 18–19. He was detained on September 30, 2026, after an encounter with the Indiana State Police. Dkt. 9-1 at 2. On October 1, 2026, an I-200 administrative warrant was signed and served on Mr. Lema-Guartazaca. *Id.* at 9. A Notice to Appear was issued to him on the same date. *Id.* at 5. The Notice to Appear charges him with inadmissibility under 8 U.S.C. § 1182(a)(6)(A)(i) as "an alien present in the United States without being admitted or paroled, or who arrived in the United States at any time or place other than as designated by the Attorney General" and under 8 U.S.C. § 1182(a)(7)(A)(i)(I) as not possessing required travel documents. *Id.* The "arriving alien" checkbox is unmarked. *Id.* at 8.

On October 1, 2026, Mr. Lema-Guartazaca requested that an immigration judge review his custody determination. Dkt. 9-1 at 10. He represents to the Court that his request has not been processed or scheduled for hearing. Dkt. 10 at 3.

## II. Discussion

Mr. Lema-Guartazaca claims that his current detention violates the INA because he has been unlawfully detained without a bond hearing. Dkt. 1 ¶¶ 31–34. He also claims that his detention is unlawful under the Due Process Clause of the Fifth Amendment and the Administrative Procedure Act. *Id.* ¶¶ 28–30.

Respondents acknowledge that "*Cirrus Rojas*[, 183 F.4th 909 (7th Cir. 2026),] resolves the case and controversy of this Petition." Dkt. 9 at 1. In *Cirrus Rojas*, the Seventh Circuit determined that § 1225(b)(2)(A)'s mandatory detention scheme applies only to noncitizens who are "seeking admission" to the United States and not to noncitizens like Mr. Lema-Guartazaca who have entered the United States without obtaining lawful admission, remained inside the United States for years, and have been apprehended in the interior of the United States by immigration officials.

However, Respondents argue that the Court should nonetheless dismiss the petition because Mr. Lema-Guartazaca has not exhausted his administrative remedies. Dkt. 9 at 2.

The "general rule" is that "parties exhaust prescribed administrative remedies before seeking relief from the federal courts." *Gonzalez v. O'Connell*, 355 F.3d 1010, 1016 (7th Cir. 2004) (quoting *McCarthy v. Madigan,* 503 U.S. 140, 144–45 (1992)). This general rule often applies in immigration matters because "a comprehensive administrative review scheme exists," and, in some cases, exhaustion is mandated by statute. *Iddir v. INS*, 301 F.3d 492, 498 (7th Cir. 2002) (citing 8 U.S.C. § 1252(d) and collecting cases).

There is no statutory requirement for Mr. Lema-Guartazaca to fully exhaust the bond redetermination process through the agency before he can seek habeas relief from this Court. In the absence of a statutory mandate, the Seventh Circuit holds that "sound judicial discretion governs" whether courts should require exhaustion. *Gonzalez*, 355 F.3d at 1016.

As noted above, Mr. Lema-Guartazaca requested review of his bond on October 1, 2026, and has been held in three different locations during the pendency of his petition: first in Brazil, Indiana; then in Springfield, Missouri; and presently in Newkirk, Oklahoma. These three locations are located within three different federal judicial circuits. Respondents note that "immigration courts are bound by the jurisdiction of the Circuit Court of Appeals where they are physically located." Dkt. 9 at 3. Accordingly, whether an immigration court will follow *Cirrus Rojas* and afford Mr. Lema-Guartazaca a bond hearing without a Court order depends on geographic location. Given that (1) Mr. Lema-Guartazaca made a request for a bond hearing three weeks ago that has not been acted upon, and (2) Respondents have transferred Mr. Lema-Guartazaca multiple times this month, the Court will excuse the exhaustion requirement.

**III. Scope of Relief**

As noted above, Mr. Lema-Guartazaca requests release from custody or a bond hearing at which the government bears the burden of proof. Dkt. 1 at 8. Immediate release is the customary remedy in habeas proceedings. *See Dep't of Homeland Security v. Thuraissigiam*, 591 U.S. 103, 107 (2020) ("Habeas has traditionally been a means to secure release from unlawful detention."); *Munaf v. Geren*, 553 U.S. 674, 698 (2008) (explaining that "the quintessential habeas remedy" is release from custody). However, the Court finds that it would not be in the interests of justice to order Mr. Lema-Guartazaca's immediate release and instead orders Respondents to provide him an individualized bond hearing as required by § 1226(a) and its regulations.

Because the Court has found that Mr. Lema-Guartazaca's detention violates the INA, it need not reach his claim regarding bond regulations or his claim that his detention violates the Fifth Amendment. *See Thomas v. Illinois*, 697 F.3d 612, 613 (7th Cir. 2012) ("[C]onsistent with the principle of avoiding unnecessary constitutional decisionmaking, judges are to address the statutory defense before the constitutional.").

For related reasons, the Court also does not reach Mr. Lema-Guartazaca's argument that, if his relief is limited to a bond hearing, the Court must place specific constraints on the immigration judge's decision-making. The Seventh Circuit has not issued a decision on the question of who bears the burden of proof in an administrative bond hearing, and the circuits that have answered the question have not answered in unison.[1] Section 1226 is silent as to the burden of proof, so Mr. Lema-Guartazaca's argument must be purely constitutional. A bond hearing without Court-

[1] *Compare, e.g.*, *Hernandez-Lara v. Lyons*, 10 F.4th 19, 39 (1st Cir. 2021) ("We therefore conclude that the government must bear the burden of proving dangerousness or flight risk in order to continue detaining a noncitizen under section 1226(a)."), *with Borbot v. Warden Hudson Cnty. Corr. Facility*, 906 F.3d 274, 279 (3d Cir. 2018) ("[U]nder § 1226(a) the burden remains on the detainee at all times.").

imposed instructions regarding the burden of proof may yet result in his release on bond, or it may result in the denial of bond for reasons unrelated to the burden of proof. Mr. Lema-Guartazaca's detention is currently unlawful because he has been deprived of a bond hearing—not because the government conducted a bond hearing that failed to conform to specific standards. At this point, it is prudent for the Court to avoid an unnecessary constitutional decision. *Thomas*, 697 F.3d at 613.

## IV. Conclusion

The Court grants the petition to the extent that **no later ten days from the date of this order**,[2] Respondents must either: (1) provide Mr. Lema-Guartazaca with an individualized bond hearing before an immigration judge pursuant to 8 U.S.C. § 1226(a) and its regulations; or (2) release Mr. Lema-Guartazaca from custody, under reasonable conditions of supervision. Respondents must file documentation certifying that they have either provided Mr. Lema-Guartazaca with a bond hearing or released him from detention **within two days** after the hearing or his release, whichever is applicable.

If Federal Respondents hold a bond hearing, the Attorney General is **ordered** to provide notice of the bond hearing to Mr. Lema-Guartazaca's counsel upon the scheduling of the hearing.

The petition is **denied** to the extent that it seeks immediate release. The **clerk is directed** to enter final judgment.

**IT IS SO ORDERED.**

Dated: October 23, 2026

Matthew P. Brookman, Judge
United States District Court
Southern District of Indiana

[2] This deadline may be altered without Court involvement by agreement of Petitioner and Respondents.

Distribution:

All electronically registered counsel